UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDON ROGERS, AS ADMINISTRATOR OF
THE ESTATE OF TYNER HAMMITT, DECEASED,
ON BEHALF OF THE ESTATE AND THE
WRONGFUL DEATH BENEFICIARIES                                                PLAINTIFF

v.                                        Case No. 5:21-cv-05207

GREAT AMERICAN INSURANCE COMPANY                                           DEFENDANT

**ORDER**

Currently before the Court is Great American Insurance Company's Motion for Joinder of Party (Doc. 25). For the reasons stated herein, the motion is **DENIED.**

This litigation arises from a single-vehicle accident. (Doc. 21, p. 3–4). While driving recklessly, Michael Guest lost control of a pickup insured by defendant Great American Insurance Company ("GAIC"). *Id.* at 4. Mr. Guest's passenger, Tyner Hammitt, sustained "catastrophic" injuries and died a week later. *Id.* A state court found Mr. Guest liable to Mr. Hammitt's estate ("the Estate") in the amount of $3,412,622.60. *Id.* In the present suit, the Estate seeks a declaratory judgment that GAIC owes coverage to satisfy the judgment against Mr. Guest. (Doc. 21, p. 8). GAIC asserts that Mr. Guest was not covered by the policy at issue. (Doc. 24, p. 5).

GAIC has moved to join Mr. Guest as a required party under Fed. R. Civ. P. 19(a)(1)(B)(ii), which requires that a party be joined if a "person claims an interest relating to the subject of the action" and the "person's absence may leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest."[1] GAIC is

---

[1] GAIC also claims that "Arkansas Substantive Law" requires the joinder of "such person

-1-

concerned that, were it to prevail in this lawsuit, Mr. Guest could sue GAIC to obtain coverage if the Estate attempted to collect from Mr. Guest directly. (Doc. 26, p. 2). The Estate has not responded to the motion.

Rule 19 governs when joinder of a particular person is compulsory. *Gwartz v. Jefferson Mem. Hosp. Ass'n,* 23 F.3d 1426 (8th Cir. 1994). Two conditions must be met before a court can consider joinder. First, the person sought to be joined must be subject to service of process, and second, joinder must not deprive the court of subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1). To require joinder under Rule 19(a)(1)(B)(ii), failure to include the non-party must result in "a substantial risk of incurring double, multiple, or inconsistent obligations." If it is determined that the non-party is not necessary, then the case can go forward without the need to make a Rule 19(b) inquiry. *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984).

Here, the two initial conditions are met. First, GAIC claims, and the Estate does not dispute, that Mr. Guest is a resident of Benton County, Arkansas, and is currently incarcerated by the State of Arkansas Department of Corrections. (Doc. 25, p. 2). Therefore, Mr. Guest is subject to service of process within the State of Arkansas. Further, GAIC proposes joining Mr. Guest as an involuntary plaintiff. *Id.* Because GAIC, the sole remaining defendant, is an Ohio entity, joinder would not defeat this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Therefore, it is proper for this Court to consider joinder.

---

having an interest in the subject matter of the declaratory judgment action." (Doc. 26, p. 2). GAIC cites no authority to support this proposition. In any event, because joinder is governed by the Federal Rules of Civil Procedure, the federal rule must be applied exclusively. "A federal district court in a diversity case is neither required, nor indeed permitted, to apply state law to a matter covered by a Federal Rule of Civil Procedure." *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996).

However, joinder of Mr. Guest is not compulsory under Rule 19. Rule 19's plain language requires that the party to be joined affirmatively "claim" an interest related to the subject of the action. *See, e.g.*, *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996); *Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F.Supp. 2d 973, 978 (D. Minn. 2009). Here, there is no indication that Mr. Guest has claimed or attempted to claim coverage under the policy, either in court or to GAIC. Therefore, Mr. Guest is not a necessary party under Federal Rule of Civil Procedure 19(a)(1)(B).

Even if Mr. Guest had claimed such an interest, GAIC's motion would still fail. GAIC claims that Mr. Guest could sue it "at a later date in an effort to obtain coverage if the plaintiffs attempt to enforce the judgment against him." (Doc. 26, p. 2). GAIC claims that this would leave it "subject to double, multiple, or otherwise inconsistent obligations." *Id.* However, courts have recognized a distinction between inconsistent obligations and inconsistent adjudications or results. *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998); *Am. Ins. Co.*, 597 F.Supp. 2d at 978; *Sykes v. Hengel,* 220 F.R.D. 593, 597 (S.D. Iowa 2004); *RPR & Assocs. v. O'Brien/Atkins Assocs.*, 921 F.Supp. 1457, 1464 (M.D.N.C. 1995). These cases explain that obligations are inconsistent if:

> "a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum."

*Delgado*, 139 F.3d at 3. Only inconsistent obligations fall within the scope of Rule 19. *See RPR & Assocs.* 921 F.Supp. at 1464 ("Rule 19 is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic.").

Here, the harm GAIC contemplates is an inconsistent adjudication, not an inconsistent obligation. If Mr. Guest were later to sue for coverage and prevail, an earlier adjudication of no coverage would not legally bar GAIC from paying Mr. Guest. While the two adjudications would be inconsistent, GAIC would have no prior obligation inconsistent with the new obligation to pay Mr. Guest. Therefore, even if he had claimed an interest in the subject matter, Mr. Guest would not be a required party under Rule 19(a)(1)(B).

For the above reasons, GAIC's Motion for Joinder of Party (Doc. 25) is **DENIED**.

IT IS SO ORDERED this 31st day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U. S. DISTRICT JUDGE